# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT L. JONES,

        Plaintiff,

v.                                                        Case No. 10-CV-411

DEPARTMENT OF VETERAN AFFAIRS,
CLEMENT J. ZABLOCKI MEDICAL CENTER, and
U.S. DEPARTMENT OF LABOR OWCP,

        Defendants.

## ORDER

Pro se plaintiff Robert L. Jones ("Jones") filed this action against the Department of Veterans Affairs (VA), the Clement J. Zablocki Veterans Affairs Medical Center ("Zablocki Center"), and the United States Department of Labor Office of Workers Compensation Programs (OWCP). Jones appears to challenge the OWCP's decision that he is no longer eligible for workers' compensation. Jones notes that he appealed the decision to the United States Department of Labor Employees' Compensation Appeals Board (ECAB). Jones also appears to contest the termination of his employment by the Zablocki Center. He asserts that the Zablocki Center "took my job the [sic] call it Removal - Physical Disqualification," and states that he appealed the action to the United States Office of Personnel Management (OPM). In connection with his complaint, Jones also filed a motion for leave to proceed in forma pauperis. The court now addresses Jones's motion and

dismisses his action for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B).

A party instituting a civil action, suit or proceeding in a federal court must pay required filing fees and costs. However, an indigent litigant may request authorization to prosecute his case "without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for such treatment, a party must assert that he is both unable to pay the required fees and that he is entitled to redress. *See id.* Jones fulfills these requirements by filing an affidavit stating that he has been unemployed since 2005 and showing that his monthly expenses outpace his income.

Unfortunately for Jones, this does not end the court's inquiry. The in forma pauperis statute states that "the court shall dismiss the case at any time" if the court determines that the petitioner's action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Therefore, the court must evaluate Jones's suit to determine whether it is frivolous, whether it fails to state a claim on which relief may be granted, or whether it seeks relief from a defendant who is immune from relief. A court determines whether a plaintiff's complaint fails to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii) by applying the same standard used to review a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000).

Using this standard, the court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612.

A complaint need not include detailed factual obligations to state a claim. However, it must have "facial plausibility" such that the "pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Mere "naked assertions" that are "devoid of further factual enhancement" are insufficient. *Id.*

Jones pleads only two factual assertions that may plausibly give rise to a legal claim. He states that the Zablocki Medical Center "took his job" based on "physical disqualification." Jones also states that the OWCP "wanted to force [him] back to work" and that the agency stopped his workers' compensation after a Dr. Stiehl opined that Jones was able to return. Jones includes no other factual content in his complaint, other than noting that he filed appeals of these decisions with ECAB and OPM. Unfortunately for Jones, these assertions are not sufficient to state a claim or protect Jones's action from dismissal.

First, Jones fails to state a claim arising from the termination of his job based on "physical disqualification." He does not explicitly assert a violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, or the Rehabilitation Act, 29 U.S.C. § 794, *et seq*, but Jones's brief statement that the Zablocki Center "took" his job based on "physical disqualification" may be intended

-3-

to state such a claim or claims.[1] However, Jones encounters several obstacles to stating a claim under either statute. He cannot state a claim under the ADA because it specifically excludes the United States and its agencies, such as the Department of Veterans Affairs, from the definition of "employer." 42 U.S.C. § 12111(5)(B). The Seventh Circuit Court of Appeals has specifically noted that federal employees cannot obtain remedies for disability discrimination under the ADA. *Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005) (stating that the plaintiff "has no remedy for employment discrimination under the Americans with Disabilities Act ("ADA") because she is a federal employee."). Further, Jones's complaint is so devoid of facts that he fails to state an ADA claim. To state a prima facie claim for failure to accommodate his disability pursuant to the ADA, Jones must show that: 1) he is or was disabled; 2) that the Zablocki Center was aware of his disability; and 3) that he was otherwise qualified for the job. *See Foster v. Arthur Andersen, LLP*, 168 F.3d 1029, 1032 (7th Cir. 1999). Jones's single-sentence assertion that the Zablocki Center took his job based on "removal - physical disqualification" is inadequate. Jones does not assert that he is disabled, nor does he explain what, if any, physical limitations he experiences.

Similarly, Jones cannot state a claim under the Rehabilitation Act because his complaint does not contain sufficient factual content to support such a claim. To

---

[1] The court notes that Jones completed a "Civil Cover Sheet" in connection with the filing of his action. On this sheet, Jones checked boxes marked "Federal Employers Liability," "Employment," and "Amer. w/Disabilities - Other" under a heading labeled "Nature of Suit."

state a claim under Section 504 of the Rehabilitation Act, Jones must establish: 1) that he is a handicapped individual under the Rehabilitation Act; 2) that he is otherwise qualified for the benefit sought; 3) that he was discriminated against based solely on his handicap; and 4) that the program or activity receives federal financial assistance. *See Grzan v. Charter Hospital*, 104 F.3d 116, 119 (7th Cir. 1997). Additionally, to state a claim under Section 501 of the Rehabilitation Act, Jones must establish that he is a disabled individual, as defined by the statute. *Hamm v. Runyon*, 51 F.3d 721, 724 (7th Cir. 1995). Jones cannot meet these requirements, however, because he fails to plead any facts showing that he has a disability. Jones does not offer any insight into his physical limitations, his medical diagnoses, or an injury which qualified him to receive workers' compensation. Thus, his complaint fails to state a claim based on the termination of his employment because of "physical disqualification," even after the court liberally construes his complaint. Thus, Jones fails to state any claim regarding the termination of his employment.

Second, Jones fails to state a claim or assert a claim against a defendant who is immune from relief on the basis of the OWCP's decision to discontinue his workers' compensation benefits. Jones cannot maintain a claim arising from the OWCP's decision because of sovereign immunity, or alternatively, because the court does not have subject matter jurisdiction to review administrative adjudications of federal workers' compensation benefits. As an initial matter, if Jones's action is one for monetary damages arising from the cessation of his workers' compensation

-5-

payments, it is barred by sovereign immunity. *See Czerkies v. United States Dep't of Labor*, 73 F.3d 1435, 1438 (7th Cir. 1996). In the alternative, if Jones's action is an attempt to obtain judicial review of the federal administrative decision to cease benefits or to obtain a redetermination of his entitlement, then the action fails because the court lacks subject matter jurisdiction pursuant to 5 U.S.C. § 8128. The statute reads in relevant part:

> (a) The Secretary of Labor may review an award for or against payment of compensation at any time on his own motion or on application. The Secretary, in accordance with the facts found on review, may–
> > (1) end, decrease, or increase the compensation previously awarded; or
> > (2) award compensation previously refused or discontinued.
> (b) The action of the Secretary or his designee in allowing or denying a payment under this subchapter is –
> > (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
> > (2) **not subject to review by another official of the United States or by a court by mandamus or otherwise**.

5 U.S.C. § 8128 (emphasis added). The decision as to whether a claimant is entitled to workers' compensation benefits under the Federal Employees Compensation Act is a decision for the agency, and is "not subject to judicial review." *Czerkies v. United States Department of Labor*, 73 F.3d 1435, 1442 (7th Cir. 1994). Jones cannot maintain a claim here because the federal government has sovereign immunity against any action for damages and because this court lacks subject matter jurisdiction to review a workers' compensation decision issued by the federal agency.

-6-

Thus, Jones fails to state a claim regarding the cessation of his workers' compensation benefits.

The court is obliged to deny Jones's motion to proceed in forma pauperis and dismiss his action pursuant to 28 U.S.C. § 1915(e)(2)(B). However, the court will dismiss the suit without prejudice. Therefore, if Jones has additional factual allegations which demonstrate that he is a disabled individual, he may file a new action.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice.**

The clerk is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of June, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge